UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 883 Keene Lane Trust,<br><br>                              Debtor-Appellant,<br><br>            -against-<br><br>JPMorgan Chase Bank, N.A.,<br><br>                              Appellee. | 25-cv-4927 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

This case concerns JPMorgan Chase Bank's foreclosure proceedings against property at 883 Keene Lane, Woodmere, New York. The Bankruptcy Court granted Chase's motion to lift the automatic stay applicable to that property under 11 U.S.C. § 362(d)(1), allowing Chase to proceed with the foreclosure. 883 Keene Lane Trust now appeals that decision. For the reasons below, the Trust's appeal is DENIED.

## FACTUAL BACKGROUND

The underlying state-court foreclosure proceedings have a long and tortured history, which is explained in depth in the parties' briefing, and which Court need not recount at length here. For the purposes of this appeal, what matters is that Chase currently has a valid state-court judgment of foreclosure and sale (JFS) as to the property, and that the underlying mortgage, held by Kenneth Lee, the debtor's trustee, has been in default since 2008.

## PROCEDURAL HISTORY

Lee, proceeding "pro se" on behalf of the Trust, appealed the bankruptcy court's decision below and moved for a stay of the foreclosure sale pending the Court's decision in this appeal. The Court then ordered Lee to obtain an attorney because the law does not permit him to represent the Trust, Dkt. 41, and the Court allowed the Trust to supplement any arguments made in the prior briefing. The Trust, by and through counsel, then submitted supplemental briefing on the appeal and the motion to stay. Dkt. 46. The Court has considered that brief and Chase's response, Dkt. 47, together with the Trust and Chase's earlier submissions. *See, e.g.*, Dkts. 8, 13, 14, 30, 36, and 40.

## DISCUSSION

"The decision to lift an automatic stay is left to the discretion of the bankruptcy court, and this Court will only review that decision for abuse of discretion." *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003). Here, the Bankruptcy Court properly exercised its discretion in lifting the automatic stay.

The relevant statute, 11 U.S.C. § 362(d)(1), states that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under the subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest ...

11 U.S.C. § 362(d)(1).

So to resolve this appeal, the Court needs to answer two questions only: 1) Did "the Bankruptcy Court properly conclude[] that [Chase] qualifies as a party in interest for the purposes of this section"? and 2) Did the Bankruptcy Court properly exercise its discretion in finding cause to lift the stay? *In re Campora*, 2015 WL 5178823, at *4 (E.D.N.Y. Sept. 3, 2015). Because the answer to both questions is yes, the Trust's appeal fails.

First, Chase has shown that it is a party in interest because it obtained a state-court JFS in its name as to the property in 2015. Case No. 25-10143, Dkt. 8-9. In other words, "the State Court has already determined that [Chase] had standing to pursue the foreclosure action [because] it issued a judgment of foreclosure and sale." *In re Campora*, 2015 WL 5178823, at *5. What's more, in 2020, the state appellate court affirmed the validity of that JFS. Case No. 25-10143, Dkt. 14-4. So, as the Bankruptcy Court correctly noted, Chase's "security interest . . . has been shown to remain valid . . . as against the property" and "the bank has an entitlement to pursue its remedies with respect to the property." Bankruptcy Ct. Op., Case No. 25-10143, Dkt. 20 at 11:25–12:3.

In response, the Trust argues that it was the record owner of the property at the time of the state-court foreclosure case but wasn't a party to it. And it asserts that there were discrepancies between the mortgage on file with Nassau County and the one in Chase's possession, in addition to other issues relating to Chase's standing. But those arguments seek to challenge the state-court JFS and are therefore barred by the *Rooker-Feldman* doctrine. *See Selig v. Druckman L. Grp. PLLC*, 2018 WL 3973013, at *5 (E.D.N.Y. Aug. 20, 2018) ("Because the requirements for standing under § 362(d)(1) are equivalent to those to commence a foreclosure action in the state court, Appellant's appeal amounts to an attempt to re-litigate the New York State Court's Judgment of Foreclosure and Sale. Accordingly, Appellant's arguments that the Foreclosure Plaintiff lacked standing to bring the Foreclosure Action—couched in terms of its lack of authority to move for relief from the automatic stay—are barred by the *Rooker-Feldman* doctrine." (cleaned up)). To the extent the Trust wants to challenge the validity of the JFS or any other issue beyond the scope of this appeal, it can try to do so in state court. *See* Bankruptcy Ct. Op., Case No. 25-10143, Dkt. 20 at 12:9–17 (noting that "those are issues for the state court proceeding," so "if you have entitlements in that forum, you're welcome to raise them").

Second, Chase established "cause" to lift the automatic stay. It is undisputed that the underlying mortgage on the property has been in default since 2008 (i.e., neither Lee nor the Trust has made payments). Case No. 25-10143, Dkt. 8-2. So it's clear that the Bankruptcy Court didn't abuse

its discretion in finding cause to vacate the automatic stay. *In re Campora*, 2015 WL 5178823, at *5 ("A debtor's failure to make postpetition mortgage payments constitutes sufficient cause to modify an automatic stay [under Section 362(d)(1)]."); *see In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) ("[T]he failure to make mortgage payments constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code."). Indeed, by failing to contest that this default would establish cause, the Trust concedes the point. *See Brunero v. Vukasinovic*, 2024 WL 4345731, at *7 (S.D.N.Y. Sept. 30, 2024) ("Generally, a party's failure to respond to an argument effectively concedes that argument.").

## CONCLUSION

For the reasons above, the Bankruptcy Court properly concluded that Chase is a party in interest that established cause to lift the automatic stay. Accordingly, the Trust's appeal is DENIED, and its motion for a stay pending resolution of this appeal is DENIED AS MOOT. The Court need not address Chase's further arguments about why a stay is unwarranted, such as the lack of irreparable harm given the availability of monetary damages, which the Trust fails to respond to.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 35, enter judgment in favor of Chase, and close this case.

Dated: June 1, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3